UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
 )
PETER ALBERT HELMUT LIEHR, ) Bankruptcy Case No. 08-21528  EEB
KAREN KAY LIEHR, ) Chapter 13
 )
Debtors. )

**ORDER ON MOTION TO ALLOW CLAIM #10**

THIS MATTER comes before the Court on the Motion to Allow Late Filed Proof of Claim ("Motion"), filed by eCast Settlement Corporation ("eCast") and the Objections filed by the Debtors and the Standing Chapter 13 trustee (the "Trustee"). In the Motion, eCast seeks to have a late-filed proof of claim treated as an amendment to a timely-filed informal proof of claim. The matter has been fully briefed and Court heard oral arguments on June 29, 2011. For the reasons set forth below, the Court concludes that it would be inequitable to grant the Motion given eCast's failure to object to the Debtors confirmed plan that specifically provides for payment of only 100% of timely-filed, allowed claims.

**Discussion**

This case was filed on July 31, 2011. Debtors' Schedule F listed Wells Fargo Card Services, Inc. ("Wells Fargo") as an unsecured creditor. Pursuant to the Notice of Meeting of Creditors, the deadline for filing proofs of claim was December 29, 2008. eCast filed two proofs of claim in this case - the first on November 3, 2008 as agent for FIA Card Services (the "FIA Proof of Claim") and the second as assignee of Wells Fargo (the "Wells Fargo Proof of Claim"). The Wells Fargo Proof of Claim was filed on January 2, 2009, four days after the proof of claim deadline. More than two years after filing the Wells Fargo Proof of Claim, eCast now seeks its allowance.

In order to determine this matter, it is necessary to briefly review the history of this case. On September 19, 2008, eCast, as agent for FIA Card Services and assignee of Wells Fargo, objected to confirmation of the Debtors' original proposed chapter 13 plan on the basis that it failed to devote all of the Debtors' projected disposable income to payments to unsecured creditors (the "Plan Objection"). eCast was actively involved in pursuing its Plan Objection in the bankruptcy case and the subsequent appeal to the Bankruptcy Appellate Panel, which ultimately reversed this Court's confirmation of plan on November 4, 2010, finding that the plan did not meet the minimum distribution to unsecured creditors required by 11 U.S.C. § 1325(b)(1)(A) because the calculation of disposable income included an expense for secured debt on property being surrendered under the plan. *In re Liehr*, 439 B.R. 179 (10th Cir. B.A.P. 2010). Debtors filed their amended chapter 13 plan ("Amended Plan") on December 22, 2010. The Amended Plan contains the following additional language at the bottom of part III. A.: "Debtors intend to pay 100% of timely filed, allowed claims." The deadline for objections to the Amended Plan was January 25, 2011. The Certificate of Service filed with the Court shows that the Amended Plan and notice of the deadline for objections were mailed to both eCast at the address specified by the proof of claim and Paul Urtz, its counsel of record. No objections were filed and the Amended Plan was confirmed on

January 28, 2011. Approximately six weeks later, eCast filed the Motion. Both Debtors and the Trustee objected to the Motion. Debtors also asked that the Court treat their response to the Motion as a formal objection to the Wells Fargo Proof of Claim.

While admitting both that the Wells Fargo Proof of Claim was untimely and that Debtors' plan provides that only timely allowed claims will be paid, eCast argues that the Plan Objection should be treated as a timely informal proof of claim that was simply amended by the Wells Fargo Proof of Claim. Thus, eCast concludes, the Wells Fargo Proof of Claim was timely and should be allowed. The Tenth Circuit has adopted a five-prong test to determine whether there has been an informal proof of claim that a late-filed proof of claim could be deemed to amend:

1. the informal proof of claim must be in writing;
2. the writing must contain a demand by the creditor on the debtor's estate;
3. the writing must express an intent to hold the debtor liable for the debt;
4. the informal proof of claim must be filed with the bankruptcy court; and
5. based on the facts of the case, it would be equitable to allow the amendment.

*In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992), citing *In re Bowers*, 104 B.R. 362 (Bankr. D. Colo. 1989); *In re Wynn*, 285 B.R. 344 (10th Cir. BAP 2002)(unpublished decision).

During oral argument, the Debtors and the Trustee conceded that the Plan Objection satisfies the first four prongs. Accordingly, the only issue before me is the fifth prong - whether it would be equitable to allow the amendment based on the facts of this case.

eCast argues that it would be inequitable not to allow the amendment since the Amended Plan was confirmed nearly 25 months after the Wells Fargo Proof of Claim was filed, but the Debtors didn't object to such proof of claim until eCast filed the Motion. Accordingly, pursuant to 11 U.S.C. § 502, the Wells Fargo Proof of Claim was a deemed allowed claim when the Amended Plan was filed and confirmed. eCast also alleges that since the Bankruptcy Appellate Panel's ruling overturning confirmation of the Debtors' original plan essentially found that the Debtors can afford to pay more than the amount they will pay under the Amended Plan, they can afford to pay the Wells Fargo Proof of Claim and, thus, "equity would suggest that it should be allowed."[1]

In arguing that it would be inequitable to allow the amendment, the Trustee points to eCast's failure to object to the Amended Plan and alleges that the proper time to file the Motion would have been January, 2009, when the Wells Fargo Proof of Claim was originally filed late.[2]

---

[1] eCast's Reply to Objections of Debtors and Chapter 13 Trustee to Motion to Allow Late Filed Proof of Claim, paragraph 5.

[2] eCast also argues that if the Court felt it was equitable to allow the filing of Debtors' counsel's fee application 6 days late, it seems equally equitable to allow the Wells Fargo Proof of Claim since it was filed only 4 days late. The Court notes, however, that a motion to allow late-filing of the fee application was filed *with* the application, unlike the Motion, which was filed more

The Debtors assert it would be inequitable to allow the amendment given eCast's active participation in this case, its failure to object to the Amended Plan in the face of specific plan language limiting payment to timely-filed claims when both it and its counsel had received notice of the Amended Plan and the objection deadline, and the fact that the same attorney who signed and filed the Wells Fargo Proof of Claim also signed and filed the timely FIA Proof of Claim. They argue that since the purpose of the informal proof of claim doctrine is to prevent a miscarriage of justice, not remedy a mistake or missed deadline, it should not be applied to eCast - a knowledgeable, frequent claimant in bankruptcy cases nationwide that often files multiple proofs of claim in cases, as it did here. Finally, the Debtors allege that allowing the Wells Fargo Proof of Claim would create an inequitable burden on them because it would translate to an increase of over $500 per month in their plan payments - an increase which they would have trouble paying, given the significant budget adjustments already made to provide for 100% payment to unsecured creditors with timely proofs of claim.

Under the facts of this case, neither side has a clear claim to the equities. If the Court grants the Motion, eCast will be rewarded for its own mistakes and inaction, namely its failure to file the Wells Fargo Proof of Claim before the proof of claim deadline, failure to request allowance of the late-filed claim when it was filed and failure to object to confirmation of a plan specifically stating that only timely-filed, allowed claims would be paid. If the Court denies the Motion, the Debtors will receive a windfall by not having to modify their confirmed plan to pay an unsecured claim of which they were well aware. On balance, the Court holds that the equities favor the Debtors in this instance. eCast made not one, but three significant mis-steps. It filed its claim late. It did not seek allowance as a timely-filed claim for approximately two years. In the meantime, the Debtors proposed an Amended Plan specifically stating that only the timely-filed claims would be paid. At that point, it was clear from the record that this claim had been filed late. That did not prompt eCast to file its motion for allowance, nor did it file an Objection to the Amended Plan. The Debtors proposed the Amended Plan in reliance on the claims register, showing exactly which claims had been timely filed. Had the Debtors known that eCast was seeking to treat its earlier Plan Objection as a timely-filed informal proof of claim, they might not have agreed to pay 100% of the claims. eCast's claim would have significantly increased the amount of the plan payments. It is therefore

ORDERED that the Debtors' and the Trustee's Objections are SUSTAINED and the Motion to Allow Late Filed Proof of Claim is DENIED.

DATED: August 12, 2011.

BY THE COURT:

*Elizabeth E. Brown* 
Elizabeth E. Brown,
United States Bankruptcy Judge

---

than two years after the late-filed proof of claim and only after the confirmation of the Amended Plan.